2024 IL App (1st) 230568-U

No. 1-23-0568

Order filed June 7, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| Respondent-Appellee, | ) | Circuit Court of Cook County. |
| | ) | |
| v. | ) | No. 10 CR 20217 |
| | ) | |
| MICHAEL LEWIS | ) | Honorable Tyria Walton, |
| | ) | Judge, Presiding. |
| Petitioner-Appellant. | ) | |

JUSTICE NAVARRO delivered the judgment of the court.
Justices Mikva and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court's order denying defendant's section 2-1401 petition is affirmed over defendant's contention that the subsection of the aggravated unlawful use of a weapon statute under which he was convicted violates the second amendment of the United States Constitution under the framework set forth by the United States Supreme Court in *New York State Rifle & Pistol Ass'n, Inc., v. Bruen*, 597 U.S. 1 (2022).

¶ 2    In 2010, petitioner, Michael Lewis, pled guilty to aggravated unlawful use of a weapon (AUUW) based on possessing a firearm outside the home while under the age of 21 and not engaged in lawful wildlife activities (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2010)) and was sentenced to boot camp. In 2012, Lewis violated the terms of boot camp, and was resentenced to

four years in prison. In 2023, Lewis filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)), arguing that the subsection of the AUUW statute under which he was convicted was unconstitutional. The circuit court denied his petition, and Lewis now appeals that order. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        In December 2010, Lewis entered into a negotiated plea agreement whereby in exchange for a sentence of boot camp and payment of fees, he pled guilty to one count of AUUW, in that he possessed a firearm outside of his home while he was under the age of 21 and was not engaged in lawful activities under the Wildlife Code (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2010)). He was eligible for a Class 2 sentence based on a prior felony conviction (*id.* § 24-1.6(d)) for aggravated driving under the influence. In March 2012, Lewis violated the terms of his boot camp sentence, so the court held a resentencing hearing. At the hearing, the State told the court that Lewis had four prior felony convictions as well as misdemeanor convictions for domestic battery, "driving on a suspended", resisting an officer, and criminal damage. The court resentenced Lewis to four years in prison.

¶ 5        In January 2023, Lewis filed a *pro se* petition for relief from judgment under section 2-1401 of the Code, in which he argued that the subsection of the AUUW statute under which he was convicted was unconstitutional and violated the second amendment of the United States Constitution (U.S. Const., amend II) under *People v. Aguilar*, 2013 IL 112116, as well as *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and *Moore v. Madigan,* 702 F. 3d 933 (7th Cir. 2012).

¶ 6        In February 2023, the circuit court denied Lewis' petition. This appeal follows.

¶ 7                                    II. ANALYSIS

¶ 8        Lewis contends that his conviction under subsection 24-1.6(a)(1), (a)(3)(I) of the AUUW statute is facially unconstitutional and void *ab initio*. He argues that this subsection in the AUUW statute that bans persons under the age of 21 from possessing handguns, unless the person is engaged in specified wildlife activities, does not comply with the test set forth by the United States Supreme Court in *New York State Rifle & Pistol Ass'n, Inc., v. Bruen*, 597 U.S. 1 (2022), because the regulation is inconsistent with the nation's historical tradition of firearm regulation. He argues therefore that under *Bruen*, subsection 24-1.6(a)(1), (a)(3)(I) of the AUUW statute violates the second amendment of the United States Constitution (U.S. Const., amend II).

¶ 9        Generally, under section 2-1401 of the Code, a party has two years to file a petition to vacate a judgment that is older than 30 days. 735 ILCS 5/2-1401(c) (West 2022). However, when a defendant raises a challenge to a final judgment based on a facially unconstitutional statute, as here, the defendant may do so at any time. *People v. Thompson*, 2015 IL 118151, ¶ 32. Further, "a motion to vacate a void judgment is properly raised in a petition for relief from judgment under section 2-1401" (*People v. Ligon*, 2016 IL 118023, ¶ 9), which authorizes a circuit court to "vacate or modify a final order or judgment older than 30 days." *People v. Abdullah*, 2019 IL 123492, ¶ 13. We review the constitutionality of a statute *de novo. People v. Baker*, 2023 IL App (1st) 220328, ¶ 21. We also review a circuit court's dismissal of a section 2-1401 petition *de novo. People v. Moran*, 2012 IL App (1st) 111165, ¶ 12. Under this standard of review, we "may affirm on any basis found in the record." *People v. Jackson*, 2021 IL App (1st) 190263, ¶ 38.

¶ 10        Initially, we note that the State argues Lewis forfeited his challenge based on *Bruen* because he entered into a knowing and voluntary guilty plea. Our supreme court has concluded that "a guilty plea does not preclude a defendant from arguing on appeal that he was sentenced under a statute that was facially unconstitutional and void *ab initio*." *People v. Guevara*, 216 Ill.

3

2d 533, 542-43 (2005). Further, our supreme court has explained that "[d]efendants convicted under a facially unconstitutional statute may challenge the conviction at any time, even after a guilty plea, because the state or government had no power to impose the conviction to begin with." *In re N.G.,* 2018 IL 121939, ¶ 49. Accordingly, Lewis did not forfeit his argument that, under *Bruen*, the subsection in the AUUW statute under which he was convicted and sentenced was facially unconstitutional.

¶ 11    We now address Lewis' argument that under *Bruen,* the subsection of the AUUW statute under which he was convicted is facially unconstitutional in violation of the second amendment of the United States Constitution (U.S. Const., amend II). Lewis contends that under the framework for analyzing firearm regulations set forth in *Bruen*, the AUUW statute that bans persons under 21 from possessing handguns outside the home unless that person is engaged in specified wildlife activities is unconstitutional. He maintains that *Bruen* calls into question the Illinois Supreme Court's decision in *People v. Mosley*, 2015 IL 115872, ¶¶ 37-38, which concluded that prohibiting persons under 21 from possessing handguns outside the home unless they are engaged in lawful hunting activities did not violate the second amendment rights of 18- to 20-year-old persons.

¶ 12    A judgment that is based on a statute that is facially unconstitutional is void *ab initio.* (*Abdullah*, 2019 IL 123492, ¶ 13), which "means that the statute was constitutionally infirm from the moment of its enactment and, therefore, unenforceable." *Thompson*, 2015 IL 118151, ¶ 32. We presume a statute is constitutional and must construe it "in a manner that upholds its validity and constitutionality if reasonably possible." *People v. Taylor*, 2019 IL App (1st) 160173, ¶ 26. "To rebut the presumption, the challenging party must clearly establish a constitutional violation." *People v. Jenk*, 2016 IL App (1st) 143177, ¶ 21. "A facial challenge to the constitutionality of a

statute is the most difficult challenge to mount." *People v. Davis*, 2014 IL 115595, ¶ 25. To succeed on a facial challenge, a defendant must show that the statute is unconstitutional "under any set of facts." *People v. Hilliard*, 2023 IL 128186, ¶ 21.

¶ 13     The AUUW statute under which Lewis was convicted provides, in part, as follows:

"(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; ***

*** and

(3) One of the following factors is present:

***

(I) the person possessing the weapon was under 21 years of age and in possession of a handgun as defined in Section 24-3, unless the person under 21 is engaged in lawful activities under the Wildlife Code or described in subsection 24-2(b)(1), (b)(3), or 24-2(f)." 720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2010).

Accordingly, the subsection in the AUUW statute under which Lewis was convicted penalizes persons under the age of 21 from possessing a handgun outside the home unless the person is engaged in certain lawful wildlife activities. *Id.*; see *Interest of C.P.,* 2023 IL App (1st) 231033-U, ¶ 4, *pet. for leave to appeal pending*, No. 130294 (filed Jan. 30, 2024)[1].

---

[1] Unpublished Rule 23 orders filed on, or after, January 1, 2021, "may be cited for persuasive purposes." Ill S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023).

¶ 14        The second amendment of the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend II. Through the fourteenth amendment of the United States Constitution (U.S. Const., amend XIV), this second amendment right applies to the States. *McDonald*, 561 U.S. at 750. In *McDonald* and *Heller*, 554 U.S. 570, the United States Supreme Court held that the second and fourteenth amendments "protect an individual right to keep and bear arms for self-defense." *Bruen,* 597 U.S. at 17. In *Bruen*, the United States Supreme Court clarified that, consistent with *Heller* and *McDonald*, "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 8-10. However, the Supreme Court has also explained that, "the right secured by the Second Amendment is not unlimited" and that "[f]rom Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 626; see *Aguilar*, 2013 IL 112116, ¶ 26. The Court "recognized the constitutionality of several 'longstanding prohibitions on the possession of firearms' " and "emphasized that its list of presumptively lawful regulatory measures provided only examples and did 'not purport to be exhaustive.' " *In re Jordan G.*, 2015 IL 116834, ¶ 23 (quoting *Heller*, 554 U.S. at 626-27).

¶ 15        Most recently, in *Bruen*, the Supreme Court explained that, following *Heller* and *McDonald*, the lower courts had "coalesced around a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny." *Bruen,* 597 U.S. at 17. In Illinois, our supreme court in *Wilson v. County of Cook*, 2012 IL 112026, ¶ 41, adopted this two-part test for analyzing challenges to the second amendment. *Mosley*, 2015 IL 115872, ¶ 34; see *In re D.B.*, 2023 IL App (1st) 231146-U, ¶ 24, *pet. for leave to appeal pending*, No. 130425 (filed

Feb. 2, 2024); *Interest of C.P.*, 2023 IL App (1st) 231033-U, ¶ 5. Under the test set forth in *Wilson*, the first question when analyzing a firearm regulation was "whether the challenged law imposes a burden on conduct falling within the scope of the second amendment guarantee" and this inquiry involved a "textual and historical inquiry to determine whether the conduct was understood to be within the scope of the right at the time of ratification." *Wilson*, 2012 IL 112026, ¶ 41. If the regulated conduct fell outside the scope of the second amendment right "as it was understood at the relevant historical time, then the regulated activity is categorically unprotected." *In re Jordan G.,* 2015 IL 116834, ¶ 22. If, however, the historical evidence was "inconclusive or suggest[ed] that the regulated activity" was "not categorically unprotected, then the court, applying the appropriate level of means-end scrutiny, conduct[ed] a second inquiry into the strength of the government's justification for restricting or regulating the exercise of second amendment rights." *Mosley*, 2015 IL 115872, ¶ 34.

¶ 16    In *Bruen*, the Court rejected the "two-step approach" adopted by the federal and state courts, concluding that it is "one step too many" and that the means-end scrutiny does not apply to the second amendment and was inconsistent with *Heller*'s historical approach. *Bruen,* 597 U.S. at 19, 24. The Court explained that, instead, the "government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. The Court set forth the standard that courts should use when analyzing challenges to firearm regulations under the second amendment. *Id.* at 24. The Court explained that, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id*. If the conduct is covered by the second amendment, "[t]he government must then justify its regulation by demonstrating that it is

consistent with the Nation's historical tradition of firearm regulation." *Id.*; see *Interest of C.P.*, 2023 IL App (1st) 231033-U, ¶ 8.

¶ 17     Lewis contends that under the *Bruen* framework, the plain text of the second amendment covers the conduct regulated by subsection (a)(1), (a)(3)(I) of the AUUW statute, which is the possession of handguns outside the home of persons under the age of 21 who are not engaged in certain lawful wildlife activities. He asserts that under the second part of the *Bruen* framework, the State cannot show that the regulation is consistent with the nation's history and tradition of firearm regulation.

¶ 18     Our supreme court has previously rejected challenges to statutes that prohibit firearm possession based on age. *Aguilar*, 2013 IL 112116, ¶¶ 23-28; *Mosley*, 2015 IL 115872, ¶¶ 37-38; *In re Jordan G.,* 2015 IL 116834, ¶¶ 24-25; see *Interest of C.P.*, 2023 IL App (1st) 231033-U, ¶ 2; *In re D.B.*, 2023 IL App (1st) 231146-U, ¶ 23. Although these supreme court decisions were issued before *Bruen*, this court has concluded that "their reasoning is consistent with the 'plain text' and historical analysis that *Bruen* requires." *People v. Hatcher*, 2024 IL App (1st) 220455, ¶ 58, *pet. for leave to appeal pending*, No. 130708 (filed May 22, 2024); see *Interest of C.P.*, 2023 IL App (1st) 231033-U, ¶ 3; *In re D.B.*, 2023 IL App (1st) 231146-U, ¶¶ 23, 33.

¶ 19     In *Aguilar*, the supreme court rejected the defendant's argument that the section in the unlawful possession of a firearm statute that barred persons under the age of 18 from possessing any firearm which may be concealed upon the person violated the second amendment because "at the time the second amendment was drafted and ratified, the right to keep and bear arms extended to persons 16 and 17 years of age." *Aguilar*, 2013 IL 112116, ¶¶ 25-26. In its analysis, the court explained that after *Heller*, several courts undertook a historical examination of laws prohibiting the possession of firearms by minors and concluded that "the possession of handguns by minors is

conduct that falls outside the scope of the second amendment's protection." *Id.* ¶¶ 26-27; see *In re D.B.*, 2023 IL App (1st) 231146-U, ¶¶ 25, 31. The court stated that, "these cases explain that, although many colonies *permitted* or even *required* minors to own and possess firearms for purposes of militia service, nothing like *a right* for minors to own and possess firearms has existed at any time in this nation's history" and "laws banning the juvenile possession of firearms have been commonplace for almost 150 years and both reflect and comport with a 'longstanding practice of prohibiting certain classes of individuals from possessing firearms—those whose possession poses a particular danger to the public.' " (Emphasis in original.) *Aguilar*, 2013 IL 112116, ¶ 27 (quoting *United States v. Rene E.*, 583 F.3d 8, 15 (1st Cir. 2009)); see *In re D.B.*, 2023 IL App (1st) 231146-U, ¶ 25. The court stated that it need not repeat the historical evidence set forth in these decisions and that it "need only express our agreement with the obvious and undeniable conclusion that the possession of handguns by minors is conduct that falls outside the scope of the second amendment's protection." *Aguilar*, 2013 IL 112116, ¶ 27.

¶ 20    In *Mosley*, the 19-year-old defendant contended that the subsections in the AUUW statute that prohibited possession of a firearm outside the home while under 21 years of age violated the second amendment because they "impose burdens on those ***, aged 18 to 20 which amount to an unconstitutional flat ban on their second amendment rights" and "adults 18 and over are among 'the People' protected by the second amendment." *Mosley*, 2015 IL 115872, ¶¶ 5-6, 32-33. Our supreme court concluded that "the restriction on persons under the age of 21 who are not engaged in lawful hunting activities is both historically rooted and not a core conduct subject to second amendment protection" and that subsection (a)(3)(I) "provides for multiple exceptions and exemptions to protect the rights of law-abiding persons under the age of 21." *Id.* ¶ 37. In reaching this conclusion, the court relied on its decision in *Aguilar* and concluded it was "unnecessary to

repeat the historical evidence set forth in the decisions cited" therein. *Id.* ¶¶ 36-37; see *Interest of C.P.*, 2023 IL App (1st) 231033-U, ¶¶ 11-12. The court concluded that, because subsection (a)(3)(I) of the AUUW statute passed the first part of the *Wilson* analysis, it need not conduct an analysis under the second part of the test, *i.e.,* the means-end analysis. *Mosley*, 2015 IL 115872, ¶ 37; see *Interest of C.P.*, 2023 IL App (1st) 231033-U, ¶¶ 11-13.

¶ 21    In *In re Jordan G,* 2015 IL 116834, ¶¶ 21, 25, our supreme court also rejected the argument that subsection (a)(1), (a)(3)(I) violated the second amendment rights of people under the age of 21. The court concluded that *Aguilar*'s conclusion that "age based restrictions on the right to keep and bears arms are historically rooted" applied "equally to those persons under 21 years of age." *Id. ¶* 25. The court explained that in *Aguilar*, it "cited with approval several cases finding it evident from a review of the relevant historical record that age based regulations on minors' access to firearms for the purpose of ensuring public safety were commonplace and persisted well beyond the Founding Era." *Id.* ¶ 24 (citing *Aguilar*, 2013 IL 112116, ¶ 27).

¶ 22    Relying on *Aguilar*, *Mosley*, and *Jordan G.*, this court has previously rejected similar challenges to age-based restrictions on firearms based on *Bruen*, including challenges to subsection (a)(1), (a)(3)(I) of the AUUW statute at issue here. *Hatcher*, 2024 IL App (1st) 220455, ¶ 58; *In re D.B.*, 2023 IL App (1st) 231146-U, ¶¶ 23, 33-34; *Interest of C.P.*, 2023 IL App (1st) 231033-U, ¶¶ 3, 18. Likewise, here, following our supreme court precedent set forth above, subsection 24-1.6(a)(1), (a)(3)(I) of the AUUW statute under which Lewis was convicted is not unconstitutional and does not implicate the second amendment. See *Hatcher*, 2024 IL App (1st) 220455, ¶ 58; *Interest of C.P.*, 2023 IL App (1st) 231033-U, ¶ 18 (concluding that the respondent's challenge to subsection (a)(3)(I) of the AUUW statute fails "[u]nder the binding precedent of *Mosley*, *Jordan G.*, and *Aguilar*"); *In re D.B.*, 2023 IL App (1st) 231146-U, ¶¶ 33-34.

¶ 23    Lewis asserts that no Illinois Supreme Court case has upheld subsection (a)(1), (a)(3)(I) of the AUUW statute using *Bruen*'s framework and that we should not follow the Illinois decisions that apply a pre-*Bruen* framework. However, as previously noted, in rejecting similar challenges to age-based restrictions on firearms based on *Bruen*, this court has held that, although our supreme court's decisions were issued before *Bruen*, the court in these cases did not apply the means-end scrutiny that *Bruen* rejected, and "their reasoning is consistent with the 'plain text' and historical analysis that *Bruen* require[ed]." *Hatcher*, 2024 IL App (1st) 220455, ¶ 58; see *Interest of C.P.*, 2023 IL App (1st) 231033-U, ¶ 9 (stating that the laws challenged, including subsection (a)(1), (a)(3)(I) of the AUUW statute, "have *never* been justified by application of the means-end scrutiny that *Bruen* eliminated" and noting that our supreme court has held that the challenged subsections were "firmly justified by text and historical tradition") (Emphasis in original); *In re D.B.*, 2023 IL App (1st) 231146-U, ¶ 30 (rejecting the respondent's argument that *Bruen* was a "doctrinal reset" as it "pertains to age-based restrictions in Illinois" and "[h]istorical analysis has been the focal point for our supreme court and it continues to be so under *Bruen*").

¶ 24    We similarly reject Lewis' argument that we should not follow the decisions from our supreme court that were issued before *Bruen* and that upheld age-based restrictions, including subsection (a)(1), (a)(3)(I) of the AUUW statute at issue here that prohibits persons under 21 years old from possessing a handgun outside the home, unless the person is engaged in lawful wildlife activities. *Hatcher*, 2024 IL App (1st) 220455, ¶ 58 (following the holdings of *Mosley* and *Jordan G.* and concluding that *Bruen* did not change these holdings). Even if we would assume that under the first step in the *Bruen* test, the possession of a firearm outside the home of persons under the age of 21 is covered by the second amendment's plain text, then under the second step, our supreme court has previously concluded that "age-based restrictions are consistent with our country's

historical tradition of firearm regulation." See *In re D.B.*, 2023 IL App (1st) 231146-U, ¶¶ 31-34 (concluding that even if it found that "a minor's right to keep and bear arms is covered by the second amendment's plain text, our supreme court has already answered the second step" in the *Bruen* analysis, noting that it "explicitly addressed the historical roots of age-based restrictions on the right to keep and bear arms," and "determined that age-based restrictions are historically rooted in this nation's traditions").

¶ 25    Lewis asserts that *Aguilar* addressed the wrong age group, as it assessed the unlawful possession of a firearm statute applying to children under 18, not individuals aged 18 to 21. However, as previously discussed, in *Mosley* and *Jordan G.*, our supreme court concluded that the statute prohibiting persons under the age of 21 from possessing handguns who are not engaged in lawful hunting activities did not violate the second amendment rights of 18- to 20-year-olds. *Mosley*, 2015 IL 115872, ¶¶ 37-38; *In re Jordan G,* 2015 IL 116834, ¶ 25; see *In re D.B.*, 2023 IL App (1st) 231146-U, ¶ 33 ("*Mosley* and *Jordan G*. adopted *Aguilar*'s reasoning and concluded that it applied to persons under 21 years of age"). Further, our supreme court explained that "the term 'minor' must be considered in the context of the right at issue, and as historically understood, generally applied to individuals under the age of 21 and remained under 21 in most states until the 1970s" and "our conclusion in *Aguilar*, that age based restrictions on the right to keep and bear arms are historically rooted, applies equally to those persons under 21 years of age." *In re Jordan G.*, 2015 IL 116834, ¶ 25. Accordingly, based on our supreme court precedent, *Aguilar*'s holding applies here, and we conclude that the subsection in the AUUW statute that prohibits persons under 21 years of age from possessing a firearm outside the home unless the person is engaged in lawful wildlife activities under the Wildlife Code does not violate the second amendment. Lewis'

conviction under subsection (a)(1), (a)(3)(I) of the AUUW statute is therefore not facially unconstitutional. The circuit court correctly denied Lewis' section 2-1401 petition.

¶ 26                                        III. CONCLUSION

¶ 27        For the foregoing reasons, we affirm the circuit court's judgment.

¶ 28        Affirmed.